IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANGEL J. NEGRON, individually. and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASCENSION HEALTH,<br><br>Defendant. | Case No. 4:24-cv-0669 |

**JOINT MOTION TO CONSOLIDATE ACTIONS**

Plaintiffs, Angel Negron, Michael Shuta, Christina McClellan, L.S., Daniel Brown, Iman Ayuk, Kerry Lovell, Richard Meade, George Gounaris, Jill Radley, Leah Willis, Stephen Gregg, Sue Croft, Courtney Brown, Linda Sue Dunn, Vikesha Exford, Tiffany Farrand, Cheryl Hayes, Donald Pitchers, and Michele Rutherford, Mark Juracek, Carson Seney, Brian Seney, Kara Seney, and Roxana Hoskins ("Plaintiffs"), and Defendant, Ascension Health ("Ascension") (Plaintiffs and Ascension together, "Parties"), jointly move under Federal Rule of Civil Procedure 42(a) to consolidate, for all purposes, the thirteen filed actions (collectively, "Actions")[1] currently pending

---

[1] *Negron v. Ascension Health*, 4:24-cv-00669 (filed May 14, 2024); *Shuta v. Ascension Health*, 4:24-cv-00683 (filed May 16, 2024); *McClellan v. Ascension Health*, 4:24-cv-00686 (filed May 16, 2024); *L.S. v. Ascension Health*, 4:24-cv-00693 (filed May 17, 2024); *Brown et al. v. Ascension Health*, 4:24-cv-00724 (filed May 23, 2024); *Gounaris v. Ascension Health*, 4:24-cv-00727 (filed May 23, 2024); *Radley v. Ascension Health*, 4:24-cv-00748 (filed May 29, 2024); *Willis v.*

in the Eastern district of Missouri, into this action ("*Negron*"), which is the first-filed among all related cases (all thirteen cases filed in this District Court collectively, "Related Actions").

As discussed below, consolidation is appropriate because each of these Actions: (i) is against the same single defendant, Ascension; (ii) is based on the same cybersecurity incident experienced by Ascension on or around May 8, 2024 ("Cybersecurity Incident"); (iii) assert the same and/or overlapping allegations and legal claims; and (iv) seek to represent the same and/or overlapping putative nationwide classes and subclasses of persons.

All Parties consent to the consolidation of the Actions into *Negron* for all purposes, none of which have moved past the filing of a complaint. Given the common factual background and common claims asserted by Plaintiffs on behalf of nationwide putative classes, consolidation will streamline the litigation and save both party and judicial resources.[2]

## LEGAL STANDARD

Fed. R. Civ. P. 42(a) states that:

> [i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

---

*Ascension Health*, 4:24-cv-00821 (filed June 13, 2024); *Gregg v. Ascension Health*, 4:24-cv-00837 (filed June 17, 2024); *Croft v. Ascension Health*, 4:24-cv-00870 (filed June 21, 2024); *Juracek v. Ascension Health*, 4:24-cv-00905 (filed July 1, 2024); *Seney et al. v. Ascension Health*, 4:24-cv-00933 (filed July 9, 2024); and *Hoskins v. Ascension Health*, 4:24-cv-00964 (filed July 15, 2024).

[2] In addition to the Related Actions subject to this Motion, there are three cases filed outside of this District that are based on the same Cybersecurity Incident and whose allegations and legal claims overlap with those of the Related Actions. These cases will either be dismissed and added to the consolidated complaint in this action or they will be transferred to this Court.

"Whether to consolidate actions under Rule 42(a) is vested in the court's discretion." *Lowe v. Pecorella*, Case No. 4:23-cv-798, 2023 WL 4743246, at *1 (E.D. Mo. July 25, 2023); *Barnes v. Winson*, Case No. 1:22-cv-00128, 2022 WL 17338292, at *2 (E.D. Mo. Nov. 30, 2022) ("The determination as to whether cases should be consolidated is left to the sound discretion of the Court."). Consolidation of cases is appropriate "when those actions involve a common question of law or fact … [and] consolidation is permitted as a matter of convenience and economy in administration." *Enterprise Bank v. Saettele*, 28 F.3d 233, 235 (8th Cir. 1994) (cleaned up).

In deciding a motion to consolidate, a court will consider the following factors: "similarity of questions of law and fact, the goals of judicial efficiency and avoidance of inconsistent verdicts and whether consolidation will delay the proceedings. *White Knight Diner, LLC v. Arbitration Forums, Inc.*, Case No. 4:17-cv-02406, 2017 WL 4682824, at *1 (E.D. Mo. Oct. 18, 2017); *Silverberg v. H&R Block, Inc.*, Case No. 4:06-cv-00519, 2006 WL 1314005, at *2 (E.D. Mo. May 12, 2006) (finding that the actions were substantially similar "because they name the same Defendants, contain nearly identical factual allegations and legal claims, and are brought on behalf of the same class).

## **ARGUMENT**

This Court should grant the Parties' motion because all factors favor consolidation of the Actions into the *Negron* action, and consolidating the Actions will lead to greater efficiency in case management and consistent rulings regarding overlapping legal claims.

The cases here are substantially similar. They all name the same defendant, Ascension Health, contain nearly identical factual allegations and legal claims, and seek to represent the same class or

classes.³ *See Silverberg*, 2006 WL 1314005, at 2 (ordering consolidation where the actions named the same Defendants, contained nearly identical factual allegations, and involved the same class); *See also Crepps v. Conopco, Inc.*, Case No. 4:19-cv-02554, 2019 WL 6716743, at *2 (E.D. Mo. Dec. 10, 2019) (finding that consolidation for pre-trial proceedings was appropriate where allegations and defendant were the same, even though the alleged product differed between the cases). See also *Johnson v. Cornerstone National Ins. Co.*; No.22-CV-04135-WJE (W.D. Mo. March 6, 2023).

There are currently thirteen cases on file in this jurisdiction. Trying each case separately could lead to inconsistent adjudications based on common factual or legal questions and would be more burdensome to the courts and the Parties. All cases are predicated upon the Cybersecurity Incident, alleging that Plaintiffs' personal and sensitive information was accessed by third parties and that Plaintiffs were harmed as a result. In addition, across these cases, there is substantial overlap in the causes of action brought by Plaintiffs. By consolidating these cases, the risk of inconsistent verdicts will be avoided. *See Silverberg*, 2006 WL 1314005, at 2.

All cases are currently at the initial pleading stage; Ascension has not yet filed an answer or other responsive pleading in any of the cases. Consolidating the cases will not prejudice or delay any proceeding or party but will in fact streamline the proceedings by eliminating duplicative work and expense, conserving both judicial and party resources. *See White Knight Diner*, 2017 WL 4682824, at *1; *Crepps*, 2019 WL 6716743, at *2 ("Significantly, no party will be unfairly inconvenienced or prejudiced as all cases are at the same stage in litigation and all plaintiffs are represented by the same counsel who consents to pre-trial coordination.") Because all factors weigh in favor of

---

³ Some of the cases seek to certify state subclasses, however, these are subclasses of the same nationwide class. *See e.g.*, Croft Compl. ¶ 224; Willis Compl. ¶ 97.

4

consolidation, the Actions identified above, and any cases subsequently filed in this district, should be consolidated into *Negron v. Ascension Health*, 4:24-cv-00669 case.

To further efficiencies, Plaintiffs intend to file either (i) an agreed upon motion to appoint interim lead counsel pursuant to Fed. R. Civ. P. 23(g), or (ii) competing motions within five days of the entry of an order consolidating the cases. The leadership slate that is appointed will then negotiate with the Defendant a schedule to file a single consolidated complaint to supersede the earlier-filed complaints in each of the Related Actions and a schedule for the filing of a responsive pleading.[4]

## CONCLUSION

For the foregoing reasons, the Actions should be consolidated for all purposes into *Negron v. Ascension Health, 4:24-cv-00669*, the first-filed action in this District, and the Court should order that any motions under Fed. R. Civ. P. 23(g) should be filed within five days of the entry of an order consolidating the actions.

Dated: July 22, 2024

/s/ *J. Gerard Stranch IV*

J. Gerard Stranch, IV, #23045 (TN)
Grayson Wells, #73068 (MO)
**STRANCH, JENNINGS & GARVEY PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200

---

[4] *See* 8 Moore's Fed. Prac. Civil §42.13 (2021) ("As a management tool for complex litigation, the consolidated complaint has been found to have significant advantages [because] it eliminates the need for multiple answers to multiple complaints and streamlines discovery, allowing it to be directed to the consolidated complaint, rather than to each individual plaintiff's complaint[, and] simplifies the court's work in ruling on motions and drafting pretrial orders."); 9A Fed. Prac. & Proc. Civ. §3282 (3d ed. 2021) ("Courts have interpreted Rule 42(a) as authorizing the filing of a unified or master complaint, used often in complex litigation, in cases consolidated both for pretrial discovery and for trial.").

Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com

John F. Garvey #35879 (MO)
Colleen Garvey #72809 (MO)
Ellen A. Thomas, #73043 (MO)
**STRANCH, JENNINGS & GARVEY PLLC**
701 Market Street, Suite 1510
St. Louis, MO 63101
Tel: (314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

TJ Jesky, #6235691 (IL)
**LAW OFFICES OF TJ JESKY**
205 N. Michigan Avenue, Suite 810
Chicago, IL 60601
Tel: (312) 894-0130
tj@jeskylaw.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
gklinger@milberg.com

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 525-4100
ostrow@kolawyers.com

Maureen M. Brady, #57800 (MO)
Lucy McShane, #57957 (MO)
**MCSHANE & BRADY LLC**
4006 Central Street
Kansas City, MO 64111
Tel: (816) 888-8010
mbrady@mcshanebradylaw.com
lmcshane@mcshanebradylaw.com

Courtney E. Maccarone
Mark S. Reich
Gary I. Ishimoto
**LEVI KORSINKY LLP**
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
cmaccarone@zlk.com
mreich@zlk.com
gishimoto@zlk.com

James J. Rosemergy
**CAREY DANIS & LOWE**
8235 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105
Tel: (314) 725-7700
jrosemergy@careydanis.com

Don M. Downing
**GRAY RITTER PC**
701 Market Street, Suite 800
St. Louis, MO 63101
Tel: (314) 241-5620
ddowning@grgpc.com

Norman E. Siegel, #44378 (MO)
George A. Hanson, #395380 (MO)
J. Austin Moore, #64040 (MO)
**STUEVE SIEGEL LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
hanson@stuevesiegel.com
moore@stuevesiegel.com
siegel@stuevesiegel.com

Sabita J. Soneji
David W. Lawler
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel: (510) 254-6808
ssoneji@tzlegal.com
dlawler@tzlegal.com

Laurence D. King, Esq.
Matthew B. George, Esq.
Blair E. Reed, Esq.
Clarissa R. Olivares, Esq.
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel: (415) 772-4700
lking@kaplanfox.com
mgeorge@kaplanfox.com
breed@kaplanfox.com
colivares@kaplanfox.com

Tiffany Marko Yiatras, #58197 (MO)
**CONSUMER PROTECTION LEGAL, LLC**
308 Hutchinson Road
Ellisville, MO 63011
Tel: (314) 541-0317
tiffany@consumerprotectionlegal.com

Jean S. Martin
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 223-5505
jeanmartin@forthepeople.com

Thomas E. Loeser
Karin B. Swope
**COTCHETT, PITRE & MCCARTHY LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Tel: (206) 970-8181
tloeser@cpmlegal.com
kswope@cpmlegal.com

Francis J. "Casey" Flynn, Jr., #52358 (MO)
**LAW OFFICE OF FRANCIS J. FLYNN, JR.**
3889A Humphrey Street
Saint Louis, MO 63116
Tel: (314) 662-2836
casey@lawofficeflynn.com

Brian P. Murray
**GLANCY PRONGAY & MURRAY LLP**

230 Park Avenue, Suite 358
New York, NY 10169
Tel: (212) 682-5340
bmurray@glancylaw.co

Paul C. Whalen, Esq.
**LAW OFFICE OF PAUL C. WHALEN P.C.**
768 Plandome Road
Manhasset, NY 11030
Tel: (631) 612-3905
pcwhalen@gmail.com

David M. Berger
Linda P. Lam
Sarah E. Hillier
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Tel: (510) 350-9700
dmb@classlawgroup.com
lpl@classlawgroup.com
seh@classlawgroup.com

Lynn A. Toops
Amina A. Thomas
**COHEN & MALAD LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

Brandon M. Wise
**PEIFFER WOLF LLP**
One US Bank Plaza, Suite 1950
St. Louis, MO 63101
Tel: (314) 883-4827
bwise@pwcklegal.com

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF CONFERENCE

Pursuant to LR 3.04(A), I certify that I conferred with Plaintiff's counsel in each of Actions and counsel for the Defendant, and each agreed to the relief requested in this agreed motion.

Dated: July 18, 2024                                         */s/ J. Gerard Stranch, IV*
                                                                            J. Gerard Stranch, IV

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, a copy of the foregoing was served by electronic means via the Court's CM/ECF System on all counsel registered to receive electronic notices.

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV