UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGEL J. NEGRON, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:24-CV-669-JAR ) |
| ASCENSION HEALTH, | ) ) |
| Defendant. | ) |

## ORDER OF CONSOLIDATION

This matter is before the Court on the parties' Joint Motion to Consolidate thirteen putative class actions[1] pending in the Eastern District of Missouri. ECF No. 17. Each of these actions was filed against the same defendant, Ascension Health. Each is based on the same cybersecurity incident on or around May 8, 2024, in which the plaintiffs' personal and sensitive information was allegedly accessed by third parties. Each seeks to represent a putative nationwide class. And each was filed between May 14, 2024, and July 15, 2024. Ascension Health has not yet filed an answer to any of the complaints.

Federal Rule of Civil Procedure 42 allows district courts to consolidate actions involving common questions of law and fact. Fed. R. Civ. P. 42(a)(2). When deciding whether to consolidate, courts must consider "the similarity of questions of law and fact, the goals of judicial efficiency and avoidance of inconsistent verdicts[,] and whether consolidation will delay

---

[1] The cases are *Negron v. Ascension Health*, 4:24-cv-00669; *Shuta v. Ascension Health*, 4:24-cv-00683; *McClellan v. Ascension Health*, 4:24-cv-00686; *L.S. v. Ascension Health*, 4:24-cv-00693; *Brown et al. v. Ascension Health*, 4:24-cv-00724; *Gounaris v. Ascension Health*, 4:24-cv-00727; *Radley v. Ascension Health*, 4:24-cv-00748; *Willis v. Ascension Health*, 4:24-cv-00821; *Gregg v. Ascension Health*, 4:24-cv-00837; *Croft v. Ascension Health*, 4:24-cv-00870; *Juracek v. Ascension Health*, 4:24-cv-00905; *Seney et al. v. Ascension Health*, 4:24-cv-00933; and *Hoskins v. Ascension Health*, 4:24-cv-00964.

the proceedings." *White Knight Diner, LLC v. Arb. Fs., Inc.*, No. 4:17-CV-02406 JAR, 2017 WL 4682824, at *1 (E.D. Mo. Oct. 18, 2017).

These factors militate in favor of consolidation here. Each of the actions is predicated on the same facts, the classes they seek to certify are nearly identical, and the legal claims they advance substantially overlap: almost all assert causes of action for negligence, negligence per se, breach of implied contract, and unjust enrichment. Consolidating these actions will reduce the risk of inconsistent verdicts and conserve judicial resources. The plaintiffs also represent that within five days of the date of this order they will file motions to appoint interim counsel, who will in turn file a single consolidated complaint to supersede the earlier-filed complaints.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion to Consolidate [ECF No. 17] is **GRANTED**. Case numbers 4:24-cv-683, 4:24-cv-686, 4:24-cv-693, 4:24-cv-724, 4:24-cv-727, 4:24-cv-748, 4:24-cv-821, 4:24-cv-837, 4:24-cv-870, 4:24-cv-905, 4:24-cv-933, and 4:24-cv-964 are consolidated and reassigned to the lowest-numbered case, 4:24-cv-669.

**IT IS FURTHER ORDERED** that this Order of Consolidation shall be filed in each of the above-noted cases, and the Clerk of Court shall take all necessary steps to administratively close case numbers 4:24-cv-683, 4:24-cv-686, 4:24-cv-693, 4:24-cv-724, 4:24-cv-727, 4:24-cv-748, 4:24-cv-821, 4:24-cv-837, 4:24-cv-870, 4:24-cv-905, 4:24-cv-933, and 4:24-cv-964.

**IT IS FURTHER ORDERED** that Defendant need not respond to any of the previously filed complaints in the above-captioned matters.

**IT IS FURTHER ORDERED** that no later than **July 31, 2024**, the plaintiffs shall file motions to appoint interim lead counsel. After interim counsel is appointed, the Court will enter an appropriate scheduling order.

Dated this 24th day of July, 2024.

                                                                  _____
                                                                   JOHN A. ROSS
                                                                   UNITED STATES DISTRICT JUDGE