UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGEL J. NEGRON, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:24-CV-669-JAR ) |
| ASCENSION HEALTH, | ) ) |
| Defendant. | ) ) |

## ORDER APPOINTING INTERIM CLASS COUNSEL

This consolidated action is before the Court on Plaintiffs' Motion for Appointment of Interim Class Counsel. ECF No. 23. They request the Court to appoint Norman E. Siegel of Stueve Siegel Hanson LLP and J. Gerard Stranch of Stranch, Jennings & Garvey, PLLC to serve as Interim Co-Lead Counsel. They further request the Court to appoint David M. Berger of Gibbs Law Group LLP; Maureen Brady of McShane & Brady, LLC; Don M. Downing of Gray Ritter Graham; Laurence D. King of Kaplan Fox; Gary Klinger of Milberg Coleman Bryson Phillips Grossman; Jeff Ostrow of Kopelowitz Ostrow P.A; Sabita Soneji of Tycko & Zavareei LLP; Lynn Toops of Cohen & Malad LLP; and Tiffany M. Yiatras of Consumer Protection Legal, LLC to serve as Plaintiffs' Executive Committee Members for the proposed putative classes under Federal Rule of Civil Procedure 23(g)(3).

Rule 23(g)(3) allows the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." While not statutorily required, the appointment of interim class counsel may be helpful in "clarify[ing] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and

negotiating settlement." *Manual for Complex Litigation* (Fourth) § 21.11 (2004). When evaluating whether to appoint interim class counsel, the Court looks to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A):

1. the work counsel has done in identifying or investigating potential claims in the action;
2. counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
3. counsel's knowledge of the applicable law; and
4. the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  The Court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

      As Plaintiffs explain in their motion, the Rule 23(g) factors favor the appointment of Norman E. Siegel and J. Gerard Stranch as Interim Co-Lead Counsel.  Both individuals worked diligently to investigate the Data Breach at the heart of this case and to advance this litigation.  The exhibits attached to Plaintiffs' motion demonstrate Mr. Siegel's and Mr. Stranch's extensive experience in class action litigation in general and data breach class actions in particular.  ECF Nos. 23-1 and 23-2.  Finally, Mr. Siegel's and Mr. Stranch's efforts in this case thus far demonstrate their willingness and ability to commit resources to this action.  Other courts have approvingly remarked on these individuals' competency as class counsel, and the Court finds no basis for reaching a different conclusion here.  *See* ECF No. 23 at 6-11.  The Court will accordingly appoint Mr. Siegel and Mr. Stranch as Interim Co-Lead Counsel.

      The Court will also appoint Mr. Berger, Ms. Brady, Mr. Downing, Mr. King, Mr. Klinger, Mr. Ostrow, Ms. Soneji, Ms. Toops, and Ms. Yiatras as Interim Executive Committee Members for the proposed class.  These attorneys have extensive experience with class actions, especially those relating to data breaches, and they have demonstrated that they have sufficient

resources to prosecute this action through their efforts in this case and their swift coordination of the proposed leadership structure.

The Court is mindful that "[c]ommittees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses." *Manual for Complex Litigation* (Fourth) § 10.221 (2004). But this threat of increased costs does not militate against appointment of an executive committee here. The proposed counsel structure is not needlessly complicated or excessive, and similar multi-tiered structures are "not uncommon in class actions concerning large scale data breaches." *Cabezas v. Mr. Cooper Group, Inc.*, No. 3:23-cv-2453 (N.D. Tex.), ECF No. 61 at 3. Moreover, many of the proposed members of the Executive Committee are already working together on other major data breach class actions. *Cabezas,* No. 3:23-cv-2453 (N.D. Tex.), ECF No. 61 (appointing Mr. Klinger and Mr. Siegel as Interim Co-Lead Counsel and Ms. Brady and Ms. Soneji as Executive Committee Members); *In re HCA Healthcare Inc. Data Security Litig.*, No. 3:23-cv-684 (M.D. Tenn.), ECF Nos. 113 (appointing Mr. Stranch as co-lead counsel) and 115 (appointing Ms. Soneji, Mr. Klinger, and Mr. Ostrow as Executive Committee members). Plaintiffs are right to underscore the "court's expectation that they prosecute the case efficiently and without duplication," but they have sufficiently assured the Court that they will efficiently prosecute and manage this litigation through their prompt action in this case thus far. ECF No. 23 at 30.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Interim Class Counsel [ECF No. 23] is **GRANTED**.

**IT IS FURTHER ORDERED** that no later than fifteen days from the date of this order the parties shall submit a joint proposed initial scheduling plan with deadlines including for

Plaintiffs to file a consolidated complaint and for Defendant to file any responsive pleading or motion.

Dated this 6th day of August 2024.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**