**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| ANGEL J. NEGRON, individually, and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:24-CV-669-JAR |
| ASCENSION HEALTH, | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND CASE SCHEDULE**

Plaintiffs respectfully request a six-week extension of the current case schedule. On October 16, 2026, only one week before the fact-discovery deadline, Ascension produced documents totaling over 80,000 pages, additional productions remain outstanding, and unresolved disputes concerning Ascension's forensic investigation and data-mining work may require Court intervention. Plaintiffs diligently pursued this discovery and raised the topic of an extension with Ascension nearly a month before the deadline, but Ascension has attached unreasonable demands to its consent. Without the requested extension, Plaintiffs cannot meaningfully review the late-produced materials, resolve the remaining disputes, and conduct the depositions that those materials may warrant.

***First,*** the timing of Ascension's productions created the scheduling problem. On October 16, 2026—a mere week before the close of fact discovery—Ascension produced documents totaling over 80,000 pages. Ascension has not represented that its production is complete. At a minimum, it still owes the reproduction of over 2,600 chat messages that were originally produced with missing messages, along with their attachments, and it has not collected custodians' personal email accounts, which an Ascension employee testified were used during the data breach to communicate with law enforcement.

***Second,*** unresolved disputes over the most critical discovery Ascension is withholding will likely require Court intervention. Those disputes relate to Ascension's forensic investigation and data mining projects. Ascension refuses to provide Plaintiffs with the information generated during its forensics investigation by its incident response vendor. And while Ascension has agreed, after a protracted negotiation, to provide a clean room of the exfiltrated data, Ascension has represented that the exfiltrated data alone is not enough to recreate the information created by its data mining vendor which it used to provide notice to the class. This information is critical to Plaintiffs' ability to prosecute their case. These disputes cannot be presented, resolved, and followed by any resulting production before October 23.

***Third***, Plaintiffs have been diligent during the discovery period, and Ascension will suffer no prejudice. Plaintiffs sought the disputed discovery from the outset, met and conferred repeatedly and in good faith, and raised this extension with Ascension on September 24, 2026—nearly a month before the deadline. Ascension itself offered a three-week extension, confirming that additional time causes it no prejudice; the parties disagree only about the length of the extension and conditions attached to Ascension's consent.

## RELEVANT BACKGROUND

The Court issued its original schedule on December 31, 2025. The Parties thereafter exchanged discovery requests and negotiated an ESI Protocol and a Protective order. Although they ultimately agreed to both, negotiations concerning the discovery requests took significantly longer. In April 2026, Ascension proposed an extension and conditioned agreement to Plaintiffs' search terms on a corresponding schedule modification. Plaintiffs agreed and the Parties jointly moved this Court for an extension on May 21, 2026. The extension was granted and the current case management order was entered May 28, 2026. The close of fact discovery is currently scheduled for October 23, 2026. This is the first contested extension motion, and the first initiated by Plaintiffs.

Despite Ascension's agreement to use certain of Plaintiffs' search terms, there were and still are outstanding discovery issues. Ascension vigorously opposed expanding any discovery to

documents outside of a narrow time period Ascension unilaterally imposed. After a lengthy negotiation period, Ascension eventually agreed to: 1) expand the relevant time period for its search; 2) to use a narrow set of custodians for this broader time period; and 3) agreed to add additional custodians for the original period. Ascension's agreement came only after Plaintiffs agreed to excuse Ascension's compliance with the substantial completion deadline.[1]. Plaintiffs did not agree to Ascension producing the bulk of those documents in the final week of fact discovery.

Despite representations that significant document productions were forthcoming and that Ascension had a team of "30 to 40" document reviewers working on this project, as of October 15, 2026, Ascension had produced only 3,096 additional documents, very few of which predate Ascension's original restrictive time period. On October 16, 2026—one week before close of fact discovery—Ascension made two additional productions totaling documents totaling over 80,000 pages.

Due to the large amount of outstanding discovery, Plaintiffs approached Ascension about an extension on September 24, 2026. Counsel for Ascension conveyed that they would speak with their client and relay the client's position to Plaintiffs. Counsel for Plaintiffs followed up with Ascension's counsel on September 25, 2026, committing to writing Plaintiffs' request for a six-week extension. On September 29, 2026, counsel for Ascension and Plaintiffs discussed Plaintiffs' request for an extension. During this call Ascension's counsel offered to agree to a three-week extension if Plaintiffs agreed to 1) No additional depositions beyond what has been agreed to in the Joint Stipulation Regarding Discovery Coordination; 2) No new written discovery by either party; and 3) Both parties agree to continue making rolling productions/supplementation and not to surprise the other party with productions in the last week of the discovery period. Ascension thus proposed that neither party make last-week productions, then made an enormous one, producing over 80,000 pages of documents in the last week of discovery.

---

[1] Importantly, Plaintiffs' motion for an extension is not based on Ascension's failure to comply with the substantial completion deadline in and of itself. But is instead based on the large amount of outstanding discovery and documents produced too close to the discovery cut-off to be of any actual use to either party.

On October 5, 2026, Ascension conditioned any extension above three weeks on a further condition: Plaintiffs must either disclose the entire universe of potential deponents or agree to forego any apex depositions. Plaintiffs informed counsel that at that moment they could not provide a list of possible deponents or agree to forego apex depositions but that they would be in touch. Plaintiffs informed Ascension of their position on October 13, 2026. Plaintiffs explained they could not agree to forego possible apex depositions but that Plaintiffs did not intend—and still do not intend—to take any apex depositions. But Plaintiffs cannot responsibly waive depositions before reviewing the documents that bear on them and any dispute over a particular deposition can be resolved under the ordinary standards governing apex depositions if one ever arises. Plaintiffs also agreed to Ascension's original restrictions on written discovery but clarified such agreement did not include Requests for Admission, which are needed to authenticate newly-produced documents, among other things. On October 15, 2026, Ascension rejected Plaintiffs' offer, instead reverting to their original counter of just three weeks, subject to the additional apex deposition restriction.

**ARGUMENT**

Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order only for good cause and with the Court's consent. The primary measure of good cause is movant's diligence in attempting to meet the order's requirements. *Yang v. Robert Half International, Inc.*, 79 F.4th 949, 961 (8th Cir. 2023). While diligence is an important factor, it is not required for a finding of good cause. *Portz v. St. Cloud State University*, 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017). There is no clear test for "when a party is diligent enough to establish good cause" the district court has broad discretion in making that determination. *United States v. Cameron-Ehlen Group, Inc.*, 2019 WL 1915795, at *1 (D. Minn. Apr. 30, 2019). If the discovery has "been delayed through no fault of moving party or the moving party learns that previously unknown discovery exists late in the discovery process, courts are more inclined to find good cause to extend discovery deadlines." *Betz v. Federal Home Loan Bank of Des Moines*, 2022 WL 4182330, at *2 (S.D. Ia. June 10, 2022). Relatedly, whether the discovery has also been delayed due to the need to seek court intervention is also one factor courts consider in analyzing good cause. *See Cameron-Ehlen*

*Group, Inc.*, 2019 WL 1915795, at *2 ("the remaining discovery is not reasonably likely to be completed by the current June deadline, irrespective of Plaintiff's diligence. This Court continues to conduct *in camera* review of potentially responsive but allegedly privileged documents"). Once a movant's diligence has been established, the court may consider potential prejudice to the non-movant. *Glover v. Life Skills Foundation*, 2013 WL 646779, at *1 (E.D. Mo. Feb. 21, 2023). A non-movant's actions in contributing to the "timing problems" can be a relevant factor when considering whether to grant an extension of a discovery deadline. *See Betz*, 2022 WL 4182330, at *4.

**I. Plaintiffs Diligently Pursued Discovery**

Plaintiffs acted diligently throughout discovery. They served their first requests on February 6, 2026; met and conferred with Ascension on at least four occasions, exchanged at least four formal discovery letters and innumerable email correspondence concerning the scope and timing of Ascension's productions; and reached compromises on many disputed issues. *See* Decl. of Tanner J. Edwards. When it became apparent that outstanding productions and disputes could not be resolved before the deadline, Plaintiffs raised a schedule extension on September 24, 2026—nearly one month before the October 23 fact-discovery deadline—and promptly followed up in writing and by conference.

From the outset, Plaintiffs sought a broader production period and additional custodians to provide necessary discovery. After numerous meet-and-confers concerning the relevant period, custodians, and search terms, the parties reached a compromise. As explained below, it is Ascension's implementation of that compromise, not any lack of diligence by Plaintiffs, that prevents discovery from being completed by October 23.

**II. Ascension's Late and Incomplete Productions Created the Timing Problem**

Courts are more inclined to find good cause where discovery has been delayed through no fault of the moving party, and a non-movant's role in creating the "timing problems" weighs in favor of an extension. *Betz*, 2022 WL 4182330, at *2, *4. That is this case. Ascension controlled the pace of its own production. It conditioned agreement to Plaintiffs' original search terms on a

schedule modification, represented that it had a team of 30-40 reviewers working on its production, and then produced documents totaling over 80,000 pages—one week before the close of fact discovery. Ascension itself proposed, as a condition of any extension, that neither party surprise the other with productions in the final week of discovery. It then did exactly that.

Nor is Ascension finished. It still owes the corrected reproduction of over 2,600 chat messages and their attachments, and it has not collected custodians' personal email accounts or cell phones even though Eddie Kilgore testified that such accounts were used during the data breach to communicate with law enforcement. Rough Transcript of Deposition of Eddie Kilgore, 91:1-3; 91:15-20; 94:16-22; Rough Transcript of Deposition of Jeffrey Bontsas, 19:1-18. No amount of diligence would allow Plaintiffs to review this volume of material, obtain the outstanding productions, and take the depositions those materials warrant in the single week Ascension left Plaintiffs.

## III. Disputes Over Ascension's Forensic Investigation and Data Mining Work Cannot Be Resolved Before the Current Deadline

Courts also consider whether the remaining discovery depends on Court intervention that cannot be completed under the existing schedule. *See Cameron-Ehlen Group, Inc.*, 2019 WL 1915795, at *2. The parties remain at an impasse over the information generated by Ascension's incident response vendor during its forensic investigation and the information created by its data mining vendor, which Ascension used to provide notice and which Ascension concedes cannot be recreated from the exfiltrated data alone. These materials go to the core of Plaintiffs' claims. However those disputes are resolved, they cannot be presented, decided, and followed by any resulting production before October 23.

## IV. Ascension Will Not Be Prejudiced by an Extension of the Fact Discovery Close

In this Circuit, the primary consideration for good cause is the diligence of the party seeking the modification. *Yang*, 79 F.4th at 961. After the court finds the movant has satisfied the good cause standard, the court may consider if the non-movant will be prejudiced by the amendment. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008). Ascension will not be

prejudiced by the requested amendment. Plaintiffs seek a six-week extension of fact discovery together with proportionate extensions of all subsequent deadlines, so Ascension will retain the same interval between fact discovery and later case deadlines. The extension would apply equally to both sides and would permit completion of discovery already sought or owed; it would not reopen discovery without limitation. Ascension's willingness to accept a three-week extension further confirms that additional time itself causes no cognizable prejudice. The disagreement concerns the length and conditions of the extension, not whether the schedule requires modification. By contrast, denying the extension would leave Plaintiffs unable to use Ascension's recent productions or to complete the discovery they are entitled to take.

## CONCLUSION

For good cause shown, Plaintiffs respectfully request that the Court amend the case schedule by extending the deadline for fact discovery from October 23, 2026 to December 4, 2026, and extending all subsequent case deadlines proportionately, at the Court's discretion. Plaintiffs' proposed schedule is attached as Exhibit 1.

Dated: October 19, 2026

Respectfully Submitted,

/s/Tanner J. Edwards
Tanner J. Edwards #68039
Norman E. Siegel #44378
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
P: 816-714-7100
siegel@stuevesiegel.com

J. Gerard Stranch, IV (*pro hac vice*)
**STRANCH JENNING & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
P: 615-254-8801
gstranch@stranchlaw.com