**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGEL JOEL GUSMAN NEGRON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:24-cv-00669-JAR |
| vs. | ) | |
| | ) | |
| ASCENSION HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AMENDING CASE MANAGEMENT SCHEDULE**

This matter is before the Court on Plaintiffs' motion to amend the case management schedule to permit an additional six weeks to complete fact discovery, with corresponding extensions of remaining case deadlines. Under the current scheduling order, all fact discovery was to be completed by October 23, 2026. (Doc. 106). Upon receipt of the instant motion on October 19, the Court stayed that deadline and ordered expedited briefing, which is now complete. The Court will grant the motion.

Once a scheduling order has been entered, it may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 960 (8th Cir. 2023).

In support of their motion, Plaintiffs state that Ascension produced over 80,000 pages of documents on October 16, and Plaintiffs need more than a week to review them and determine whether additional depositions are warranted. Plaintiffs also suggest that there may be a potential discovery dispute regarding Ascension's forensic examination data.

Ascension contends that Plaintiffs caused their own predicament by expanding their discovery demands and lacking diligence in their communications and production. Ascension asserts that a six-week extension would result in prejudice in the form of additional discovery and depositions. Ascension proposes a three-week extension to enable Plaintiffs to review the latest production, with limitations on any further written discovery or depositions.

In reply, Plaintiffs report that Ascension produced another 755,000 pages of discovery on October 23, thus underscoring the need for additional time to review the material and pursue further inquiry or depositions as appropriate. Plaintiffs dispute Ascension's characterization of the parties' negotiations and communication chronology.

"A district court possesses broad discretion when it establishes and enforces deadlines in its scheduling orders." *Yang*, 79 F.4th at 960. Upon review of the record and weighing the equities, the Court does not find any lack of diligence by Plaintiffs justifying forfeiture of their right to review and, if necessary, inquire about the voluminous document production they received from Ascension in the final days of discovery. The evidentiary record must be fully developed to inform the Court's future substantive rulings, and the mere three-week difference between the parties is *de minimis* given the proportions of this complex case. Ascension's claim of prejudice is unpersuasive, particularly in light of its latest production.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to amend the case management schedule is **GRANTED** (Doc. 168), and the following schedule will apply:

1. **Discovery**
   a. All fact discovery shall be completed by **December 4, 2026**.
   b. Plaintiffs shall disclose all expert witnesses and provide corresponding reports and summaries required by Fed. R. Civ. P. 26(a)(2)(B) and (C) **by February 17, 2027**.

c. Defendants shall disclose all expert witnesses and provide corresponding reports and summaries by **April 7, 2027**.

d. Plaintiffs shall disclose any rebuttal experts and provide corresponding reports and summaries by **May 12, 2027**.

e. Expert discovery shall be concluded by **June 7, 2027**.

2. **Class Certification**: Plaintiffs' motion for class certification shall be filed by **February 17, 2027**. Defendants' response shall be filed by **April 7, 2027**. Plaintiffs' reply shall be filed by **May 5, 2027**.

3. **Dispositive Motions**: Motions for summary judgment shall be filed within **thirty (30) days** following the Court's order on class certification. Responses shall be filed within **thirty (30) days** thereafter. Replies shall be filed within **twenty (20) days** after the response.

4. **Trial**: The trial date is **RESET** to **April 24, 2028**. The pre-trial conference is **RESET** to **April 20, 2028 at 1:30 p.m**.

5. The Court's original case management order (Doc. 84) shall remain in effect except as modified herein.

Dated this 28th day of October 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE