IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL JOEL GUSMAN NEGRON, et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No: 4:24-cv-00669-JAR |
| ASCENSION HEALTH, et al., | ) | |
| Defendants. | ) | |

**JOINT MOTION TO EXTEND DEADLINE FOR COMPLETION OF FORENSIC DISCOVERY**

The parties jointly request an extension to complete the forensic examinations and reports identified in the Forensic Examination Protocol, ECF 167.

1. On October 5, 2026, the Court ordered that "the forensic examinations and reports" identified in the Forensic Examination Protocol be completed "as soon as possible and within no more than six weeks of this order"—that is, by November 16, 2026. *Id.* at 2. Plaintiffs state that within an hour of the Court's Order, Plaintiffs reached out to previously identified vendors regarding the feasibility of implementing the Forensic Examination Protocol.

2. After discussions with a number of vendors identified by both parties, Plaintiffs believe that it is not technologically feasible to implement the Forensic Examination Protocol as written because a full forensic image of cell phones and iPads—as required by Paragraph 5 of the Forensic Examination Protocol—cannot be obtained under the terms of the protocol. Plaintiffs have, nonetheless, spent additional time trying to find a vendor who can come as close as possible to fulfilling the technically-infeasible Forensic Examination Protocol. Ascension does not agree that the Forensic Examination Protocol is

technologically infeasible as written and agrees to work with Plaintiffs and the Vendor on the execution of the Forensic Examination Protocol.

3. Plaintiffs state that they selected the vendor GO IT based on their determination that the company has the technical capability to conduct the scanning and the forensic examination steps of the Forensic Examination Protocol. According to Plaintiffs, GO IT is also able to perform the remote collection of Mac and Windows based computers. Plaintiffs further selected GO IT because it offered superior customer services for interfacing with named plaintiffs as well as a cyber security focus that was of paramount importance to individuals who allege that their personal information was exfiltrated during a cyberattack on Ascension. GO IT then set about attempting to gain access to the tools needed for remote collection of mobile devices.

4. On October 16, 2026, Plaintiffs wrote to Defendants stating that they had selected GO IT to complete the Forensic Examination Protocol.

5. On October 21, 2026, the parties met and conferred on Plaintiffs' selection of GO IT to complete the Forensic Examination Protocol.

6. On October 27, 2026, Ascension requested that Plaintiffs choose another vendor because, based on the meet and confer, Ascension concluded that GO IT did not "have the technical capacity to execute [the] Protocol," *id.*: GO IT does not have the necessary tools to create forensic images of Plaintiffs' mobile devices as required by the Forensic Examination Protocol. *Id.* at 2-3. Plaintiffs contend that this issue did not stem from GO IT's qualifications but from delays in receiving authorized access to the tightly controlled tools necessary to "open" and collect data from these devices.

7. Plaintiffs state that upon learning that GO IT would not be able to obtain timely access to the tools necessary to undertake the collection described in Paragraphs 4 and 5 of the Forensic Examination Protocol, Plaintiffs promptly set about interviewing additional vendors to undertake these steps—with GO IT to complete the analysis and report preparation laid out in Paragraphs 8 and 9 of the Forensic Examination Protocol.

8. Ascension disputes that the Forensic Examination Protocol permits Plaintiffs to choose one vendor to perform forensic imaging and another to perform forensic analysis. The Forensic Examination Protocol states that "Plaintiffs shall select *a third-party vendor* (the 'Vendor') to forensically examine the Devices"—not multiple vendors. ECF 167 at 2 (emphasis added); ECF 166 at 2-4 (ruling that plaintiffs would choose a vendor). On November 16, 2026, Ascension emphasized to Plaintiffs that this made sense because, among other reasons, it would streamline the execution of the Forensic Examination Protocol and eliminate imaging formatting risks associated with GO IT receiving forensic images (GO IT may view incomplete data because it lacks the necessary software to view the forensic images of Plaintiffs' devices) and the concern that no expert could vouch for the execution of the entire protocol. Plaintiffs dispute all of these contentions. For instance, Plaintiffs maintain that GO IT has established the capacity to review the information collected from Plaintiffs' devices. Additionally, Plaintiffs note that the vendor selected by Plaintiffs to conduct remote collection, Downstreem LLC, stated that they have never had any issues transferring images collected from devices to third parties for analysis. Plaintiffs also maintain that denial of their proposal will result in unnecessary delay, as it will require Plaintiffs to vet vendors' capability to conduct the forensic analysis steps laid out in

Paragraphs 8 through 10 of the Forensic Examination Protocol—something Plaintiffs have already established that GO IT can complete.

9. The parties met and conferred on Plaintiffs' choice of a vendor to execute the protocol on November 17, 2026 and have reached an impasse. The parties therefore ask that the Court hold a telephonic conference during the weeks of November 23 or 30 to resolve the dispute of whether under the Forensic Examination Protocol, Plaintiffs may move forward immediately with Downstreem LLC performing the forensic imaging portion of the Protocol (Paragraphs 4 and 5) and GO IT performing the forensic analysis portion of the Protocol (Paragraphs 8 through 10).

10. On November 5, 2026, Ascension proposed three substitute vendors to Plaintiffs; based on Ascension's investigation, Ascension understands that those vendors have the necessary tools to image Plaintiffs' mobile devices forensically.

11. Plaintiffs then spent time vetting each of Defendants' proposed vendors. According to Plaintiffs, one of the vendors proposed by Defendants has been retained as a defense-side vendor and testifying expert in major litigation in which Gibbs Mura and Kirkland & Ellis represent opposing parties. Defendants' second vendor withdrew from conversations with Plaintiffs after they identified a conflict. Plaintiffs spoke with the single remaining recommended vendor from Defendants, Downstreem LLC—as well as another vendor identified by Plaintiffs. Plaintiffs vetted and spoke with Downstreem LLC on three separate occasions about the Forensic Examination Protocol.

12. On November 13, 2026, Plaintiffs wrote to Defendants stating that, of the vendors identified by both Plaintiffs and Defendants to undertake the device information collection described in Paragraphs 4 and 5 of the Forensic Examination Protocol, Downstreem LLC

appeared to be best suited to complete the task. On November 17, 2026, the parties met with Downstreem LLC, and Ascension concluded that Downstreem is capable of executing the forensic analysis portion of the Forensic Examination Protocol, including because Downstreem explained that it had performed such forensic analyses in many other cases. Plaintiffs disagree, noting that the Downstreem representative the parties met with had not reviewed the Forensic Examination Protocol, could not answer Ascension's questions about the forensic analysis process, and deferred to other colleagues who were not present on the call. Accordingly, while Plaintiffs are willing to work with Ascension's suggested vendor as a compromise to expedite the evidence collection process, they continue to assert their rights under the Court-ordered protocol to select the forensic analysis vendor who will perform this examination. Ascension disputes that the Downstreem representative did not review the Forensic Examination Protocol and could not answer all of Ascension's forensic-analysis questions and has responded to Plaintiffs' point about the choice of vendors in Paragraph 8.

13. The parties have agreed to resolve any potential issues with the feasibility of the Forensic Examination Protocol by allowing best available collections of electronic devices. The parties agree to work in good faith to execute the Forensic Examination Protocol.

14. The parties believe that it would be challenging to complete the forensic examinations and reports by the close of fact discovery and therefore request that the deadline for fact discovery—solely for the completion of forensic discovery on Plaintiffs' electronic devices—be extended to December 21, 2026.

For these reasons, the parties jointly request that the Court extend the deadline for discovery solely to complete the forensic examinations and reports identified in the Forensic Examination Protocol to December 21, 2026.

Dated: November 19, 2026

Respectfully submitted,

*/s/ Tanner J. Edwards*

Tanner J. Edwards #68039
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel: 816-714-7100
tanner@stuevesiegel.com

J. Gerard Stranch, IV
**STRANCH JENNINGS & GARVEY PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Tel: 615-254-8801
gstranch@stranchlaw.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Colleen A. Kinsey*

Maureen Bryan (#49454MO
Colleen A. Kinsey (#71972MO)
Chase J. Rose (#76221MO)
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Tel: 314-621-5070
mbryan@atllp.com
ckinsey@atllp.com
crose@atllp.com
E-serveBTC@atllp.com

Martin L. Roth (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: 312-862-7170
rothm@kirkland.com

Devin S. Anderson (*pro hac vice*)
KIRKLAND & ELLIS LLP
95 South State Street
Salt Lake City, Utah 84111
Tel: 801-877-8115
devin.anderson@kirkland.com

*Counsel for Defendants Ascension Health, Ascension Health Alliance, Ascension Health - IS, Inc. d/b/a Ascension Technologies*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 19, 2026, a true and correct copy of the foregoing was filed via the Court's electronic filing system and served upon all counsel of record.

*/s/ Colleen A. Kinsey*